UNITED STATES DISTRICT COURT
FILED
NOV 27 2023
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

AJAYPAL DHILLON,

Defendant.

23-CR-127-JLS

# PLEA AGREEMENT

The defendant, **AJAYPAL DHILLON**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 545 (smuggling merchandise into the United States) for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS OF THE CRIME AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a. That the defendant imported or brought merchandise into the United States;

b. That the defendant did so contrary to law; and

c. That the defendant knew the importation was contrary to law.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. On or about July 27, 2023, at approximately 3:19 p.m., the defendant drove a commercial tractor-trailer to the Peace Bridge Port of Entry seeking entry into the United States from Canada. At primary inspection he presented documentation indicating he was transporting a shipment of frozen waffles destined for a Publix grocery store warehouse in Georgia. Publix representatives stated this shipment was not expected. Similarly, the purported shipper of the "waffles" confirmed that the shipment was fraudulent.

b. The defendant was referred to secondary inspection. There, Customs and Border Protection ("CBP") discovered boxes containing marijuana and ketamine. The marijuana weighed over 2,000 pounds

(approximately 948 kilograms). The ketamine weighed over 50 kilograms. Law enforcement has calculated that 100mg of Ketamine is an average dose. As such, 50 kilograms of Ketamine is the equivalent of 500 kilograms of Converted Drug Weight.

c. Law enforcement has identified five prior fraudulent trips made by the defendant. Four of those trips alleged the transport of candy. The fifth shipment was also for waffles after an attempt to transport "candy" was denied by the customs broker. The defendant admits he operated the tractor trailer involved in those trips.

d. The defendant admits that he knew he had merchandise in his tractor-trailer that he should have declared to the United States custom authorities. The defendant further admits that he intended to avoid the U.S. customs laws by not declaring the merchandise upon entry into the United States.

e. At least 1,000 kilograms but less than 3,000 kilograms of Converted Drug Weight is the amount of defendant's relevant conduct encompassed in the Indictment which could be readily proven by the government against the defendant.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines §§ 2T3.1(c)(1), 2D1.1(a)(5), and 2D1.1(c)(5) apply to the offense of conviction and provide for a base offense level of **30**.

## ACCEPTANCE OF RESPONSIBILITY

7. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance

of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **27**.

## CRIMINAL HISTORY CATEGORY

8. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9. It is the understanding of the government and the defendant that with a total offense level of **27** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **70 to 87** months, a fine of **$25,000 to $250,000**, and a period of supervised release of **1 to 3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

10. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court at the time of sentence impose a term of imprisonment between **30 to 37 months**, as part of the appropriate sentence

in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

11. The defendant understands that, except as set forth in ¶ 10, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement, and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

12. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction become final.

## V. ALIEN STATUS

14. The defendant understands that, as a result of the defendant's guilty plea and conviction, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

15. The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain and/or reside in the United States is subject to the laws, regulations and associated policies of the Department of Homeland Security. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status will be determined by the Department of Homeland Security in a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status.

16. If the defendant is eligible and applies to transfer the defendant's sentence pursuant to the international prisoner transfer program, the Office of the United States Attorney for the Western District of New York agrees not to oppose the defendant's transfer application. Defendant acknowledges and understands, however, that the transfer decision rests in the sole discretion of the Office of Enforcement Operations (OEO) of the Criminal Division of the United States Department of Justice and that the position of the Office of the United States Attorney for the Western District of New York is neither binding nor determinative of the positions of other federal agencies or on the final transfer decision of OEO. Defendant further understands that in addition to OEO, federal law and the underlying transfer treaties require that the foreign government must also approve the transfer.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

17. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

18. At sentencing, the government will move to dismiss the criminal complaint under docket 23-mj-5150 as against the defendant.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however,

knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of **30 to 37 months**, a fine of **$25,000 to $250,000**, and a period of supervised release of **1 to 3** years, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves its right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of **30 to 37 months**, a fine of **$25,000 to $250,000**, and a period of supervised release of **1 to 3** years, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

23. As a condition of the plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the government and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 545 and 982(a)(2)(B)

and which are in the possession and control of the defendant or the defendant's nominees. That property includes:

**MOTOR VEHICLE:**

a) One (1) 2017 Freightliner Cascadia truck, VIN# 1FUJGLDR9HLHT1056 seized from the defendant at the Peace Bridge Port of Entry while seeking entry into the United States on July 27, 2023.

**TRAILER:**

a) One (1) 2019 Utility Trailer, VIN# 1UYVS2533K6693209 seized from the defendant at the Peace Bridge Port of Entry while seeking entry into the United States on July 27, 2023.

Hereinafter "the defendant assets"

**Administrative Forfeiture**

24. The defendant acknowledges that U.S. Customs and Border Protection has commenced administrative forfeiture with regard to the defendant assets. The defendant agrees not to contest the pending administrative forfeiture of the defendant assets and agrees to waive his right, title and interest to any and all of the assets that were or will be administratively forfeited. The defendant agrees to unconditionally release and hold harmless the government and U.S. Department of Homeland Security, its officers, employees, and agents, from any and all claims, demands, damages, causes of action or suits, of whatever kind that might now exist or hereafter exist relating to the seizure, restraint, and/or forfeiture of the aforementioned property. If administrative forfeiture is complete on or before sentencing, a final order of forfeiture will not be obtained for the defendant assets.

25. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third party files a claim to the property listed above, the defendant will assist the government in defending such claim. The defendant agrees to assist the government in litigating and defeating such claim, including but not limited to, providing testimony at any hearings and trials.

26. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any of the property forfeited hereunder, including notice set forth in an indictment, information or administrative notice. The defendant acknowledges

that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

27. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, whether constitutional or statutory, including but not limited to, any defenses based on principles of double jeopardy, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

28. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

29. The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of

imprisonment, any income taxes or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

**Abandonment**

30. The defendant agrees to voluntarily abandon all of the following cellular phones seized during the criminal investigation associated with this matter and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim. The defendant specifically agrees to voluntary abandonment of the following cellular phone(s):

a. One (1) black iPhone 14 Pro seized from the defendant at the Peace Bridge Port of Entry while seeking entry into the United States on July 27, 2023; and

b. One (1) white iPhone 12 Pro seized from the defendant at the Peace Bridge Port of Entry while seeking entry into the United States on July 27, 2023.

31. The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law, with respect to the abandonment of this property. The defendant hereby knowingly and voluntarily waives any right, title and interest in the property and agrees not to contest the vesting of title in the government. The defendant further waives the provisions of 19 Code of Federal Regulations Part 162 with respect to the abandonment of the cellular phones and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of the said property.

32. The defendant further understands that the government and any law enforcement agency acting on behalf of the government, to wit: the U.S. Customs and Border

Protection and/or Homeland Security Investigations, may in its discretion, destroy the cellular phones.

33. The defendant agrees that the cellular phones are subject to abandonment and agrees to the waiver all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the abandonment of the cellular phones.

34. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the defendant assets and the cellular phones, survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

35. The defendant agrees that if, for any reason, in any pleadings before the Court or orders issued by the Court, including but not limited to the Preliminary and Final Order of Forfeiture and the Judgment and Commitment, the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case, or includes a clerical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant

agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

36. This plea agreement represents the total agreement between the defendant, **AJAYPAL DHILLON**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: [signature] for Michael Adler
MICHAEL J. ADLER
Assistant United States Attorney

Dated: November 17, 2023

I have read this agreement, which consists of pages 1 through 15. I have had a full opportunity to discuss this agreement with my attorney, Gerard M. Marrone, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

AJAYPAL DHILLON
Defendant

Dated: November 27, 2023

GERARD M. MARRONE, ESQ.
Attorney for the Defendant

Dated: November 27, 2023